IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE PAGSOLINGAN, *et al.*, | No. C 09-2709 SI |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING CASE TO SAN MATEO SUPERIOR COURT** |
| v. | |
| DOWNEY SAVINGS AND LOAN ASSOCIATION F.A., *et al*., | |
| Defendants.   / | |

Defendants' motions to dismiss the complaint are scheduled for a hearing on November 13, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. The Court also VACATES the case management conference scheduled for November 13, 2009. For the reasons set forth below, the Court GRANTS in part defendants' motions and DISMISSES plaintiffs' claim under the Truth in Lending Act without leave to amend. As plaintiffs' TILA claim was the only basis for federal jurisdiction, the Court REMANDS this case to the Superior Court for the County of San Mateo. The Court does not reach defendants' motions to dismiss insofar as they are directed at the state claims.

**DISCUSSION**

On April 21, 2009, plaintiffs filed this case in the Superior Court for the County of San Mateo. Plaintiffs allege claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and California state law. On June 17, 2009, defendants Wells Fargo Bank N.A. and American Securities Company removed the case to this Court on the ground that the TILA claim provided federal question

jurisdiction. On June 18, 2009, the remaining defendants filed a joinder in the removal.

The complaint alleges that on or about February 23, 2005, plaintiffs signed an adjustable rate note in favor of Downey Savings and Loan Association ("DSL") as well as a deed of trust and riders thereto, in connection with the finance of real property at 93 John Glenn Circle, Daly City, CA 94015. Compl. ¶ 11. Plaintiffs fell behind in their mortgage payments, and the complaint alleges that plaintiffs "attempted to mediate the loan" with DSL, but that DSL refused to modify the loan. *Id.* ¶¶ 19-21. On April 9, 2009, the property was sold at a trustee's sale to DSL. Defendants' Request for Judicial Notice (Docket No. 13), Ex. E.

Defendants have moved to dismiss the complaint for failure to state a claim. Defendants challenge plaintiffs' TILA claim on several grounds. First, defendants contend that plaintiffs' claim for rescission under TILA has been mooted by the foreclosure sale of the property. Defendants are correct. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."); *Meyer*, 342 F.3d at 902; *Hallas v. Ameriquest Mortgage Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) (foreclosure sale terminated right of rescission under TILA). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim for rescission under TILA without leave to amend.

Defendants also contend that the TILA claim for damages is untimely because such claims must be brought within one year of the violation. *See* 15 U.S.C. § 1640(e) (TILA); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make disclosures required by TILA occurs on day loan documents signed). Here, plaintiff's lawsuit was filed on April 21, 2009, almost four years after plaintiffs signed the loan documents, and thus are untimely absent grounds for equitable tolling. The Ninth Circuit has held that equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. State of California*, 784 F.2d 910, 914-15 (9th Cir. 1986).

In response, plaintiffs state that "at the time the complaint was filed, Plaintiffs and Plaintiffs' counsel believed that Defendant's unwillingness to comply with California's emergency legislation

requiring debt negotiation, a disclosure of their right to a follow-up negotiation, and a 30-day wait period subsequent to the filing of a notice of default [] may have provided a logical basis for equitable tolling of the statute." Opposition at 3:21-25. However, how defendant acted with respect to plaintiffs' requests to negotiate loan modifications in 2008 and 2009 is not relevant to the question of whether the 2005 loan disclosures complied with TILA, and thus cannot serve as a ground for equitable tolling. Plaintiffs also state that "it is a logical conclusion that in a residential mortgage transaction a bank's provision of loan documents to an unsophisticated consumer serves as a representation that all mandatory disclosures had been made [in] compliance with all laws." *Id*. at 3:25-4:1. However, neither in their complaint nor in their opposition do plaintiffs identify any specific facts showing why plaintiffs did not learn about the alleged nondisclosures in 2005, nor do they state when and how they discovered the nondisclosures that form the basis of the TILA claim. Accordingly, the Court finds plaintiffs' TILA claim for damages untimely, and DISMISSES this claim without leave to amend.

Plaintiffs request, if the TILA claim is dismissed, that the Court remand this case to state court. Plaintiffs note that prior to removal of this action, this case was related to an unlawful detainer action in state court. *See* June 24, 2009 Order Staying Proceedings; Related Case Order, attached to Opposition. As the TILA claim was the only basis for the Court's jurisdiction, the Court finds it appropriate to REMAND this action to the San Mateo County Superior Court. The Court does not address defendants' arguments regarding dismissal of the state claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part defendants' motions to dismiss and DISMISSES plaintiffs' TILA claim without leave to amend. As a result, there is no basis for federal jurisdiction, and accordingly the Court REMANDS this case to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: November 2, 2009

SUSAN ILLSTON
United States District Judge